[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13186
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-20107-CMA-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LOUIS PICO-MOCERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 2, 2018)

Before ROSENBAUM, HULL, and JULIE CARNES, Circuit Judges.

PER CURIAM:

After pleading guilty, Jose Louis Pico-Mocera ("Pico") was convicted of

possession with intent to distribute five kilograms or more of cocaine while on a

vessel subject to the jurisdiction of the United States. *See* 46 U.S.C. §§ 70503(a)(1), 70506(b). On appeal, he argues that the district court erroneously denied him a minor-role reduction under § 3B1.2 of the United States Sentencing Guidelines. After careful review, we affirm.

## I.

The U.S. Coast Guard intercepted Pico and two other occupants on a "go-fast" vessel in international waters southwest of the United States. The vessel had been loaded with approximately 1,000 kilograms of cocaine. According to the presentence investigation report ("PSR"), all three occupants helped throw bales of cocaine overboard when they spotted the Coast Guard. None of the occupants claimed to be the master of the vessel. Once in custody, all three occupants admitted their involvement in the offense and stated that they intended to transport the cocaine to an unidentified co-conspirator when they reached their destination.

Using a drug quantity of 1,008 kilograms of cocaine, the PSR recommended a guideline range of 135 to 168 months of imprisonment based on a total offense level of 33 and a criminal history category of I. Pico objected that he should receive a two-level minor-role reduction under U.S.S.G. § 3B1.2, which, if applied, would have reduced his offense level by a total of six levels. *See* U.S.S.G. § 2D1.1(a)(5) (providing that, if the court grants a minor-role reduction in a drug case with a base offense level of 38 (like Pico's case), the defendant's base offense

level is decreased by a further four levels, for a total of six levels). Pico claimed that he was a minor participant in light of the "clearly discern[i]ble higher-level organization behind this criminal conspiracy."

At sentencing, the government argued that Pico was not a minor participant because, while a drug courier was not precluded from a role reduction, all of the participants in this case had a similar role in the offense. Pico responded that his Guatemalan codefendant was "very clearly more culpable" than Pico and his fellow Ecuadorian codefendant. Additionally, he maintained that he had no planning or decision-making authority and that his role was minor when considered in the light of the broader conspiracy.

Without going into any detail, the district court denied Pico's request for a minor-role reduction. The court found that he should be treated the same as his codefendants. Then, after granting the government's substantial-assistance motion under U.S.S.G. § 5K1.1, it gave Pico the same 80-month sentence that his codefendants received. Pico now appeals.

## II.

We review a district court's denial of a role reduction for clear error. *United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016). Review for clear error is deferential, and we will not disturb a district court's findings unless we are left with a definite and firm conviction that a mistake has been made. *Id.* The

3

district court's choice between two permissible views of the evidence will rarely constitute clear error, so long as the basis of the trial court's decision is supported by the record and the court did not misapply a rule of law. *Id.* "The defendant bears the burden of establishing his minor role in the offense by a preponderance of the evidence." *Id.*

## III.

On appeal, Pico argues that the district court erred because it failed to consider the totality of the circumstances, relied solely on the drug quantity involved in his case, failed to make the requisite factual findings, and failed to consider the roles of others—both named and unnamed—responsible for the scheme. We are not persuaded.

Under § 3B1.2(b), a defendant is entitled to a two-level decrease in his offense level if he was a minor participant in the criminal activity. U.S.S.G § 3B1.2(b). A minor participant is one "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." *Id.* § 3B1.2, cmt. n.5.

"Two principles guide the determination of whether a defendant played a minor role in the criminal scheme: (1) 'the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing,' and (2) '[his] role as compared to that of other participants in [his] relevant conduct.'" *United States v.*

*Presendieu*, 880 F.3d 1228, 1249 (11th Cir. 2018) (quoting *United States v. Rodriguez De Varon*, 175 F.3d 930, 940 (11th Cir. 1999) (*en banc*)).  The district court is under no obligation to make "specific subsidiary findings," but it must clearly resolve any disputed factual issues and its ultimate decision on the defendant's role must be supported by the record.  *De Varon*, 175 F.3d at 939.

When evaluating a defendant's role in the offense, the district court must consider the totality of the circumstances.  U.S.S.G. § 3B1.2, cmt. n.3(C).  According to § 3B1.2's commentary, the factors courts should consider include "the degree to which the defendant understood the scope and structure of the criminal activity," "the degree to which the defendant participated in planning or organizing the criminal activity," "the degree to which the defendant exercised decision-making authority," "the nature and extent of the defendant's participation in the commission of the criminal activity," and "the degree to which the defendant stood to benefit from the criminal activity."[1]  *Id.*  Consistent with this fact-intensive approach, the commentary explains that "[t]he fact that a defendant

---

[1] This guidance was added by Amendment 794, which went into effect on November 1, 2015.  The Sentencing Commission explained that Amendment 794 was promulgated in response to a study that found the "mitigating role [guideline] [was] applied inconsistently and more sparingly than the Commission intended."  U.S.S.G. Supp. to App. C, Amend. 794, Reason for Amendment.  We have held that Amendment 794 is a clarifying amendment that did not substantively change § 3B1.2 and can be applied retroactively.  *Cruickshank*, 837 F.3d at 1194.  Further, we have stated that this commentary is consistent with the fact-intensive approach delineated in our *en banc* decision in *De Varon*.  *See id.* at 1193–94.

5

performs an essential or indispensable role in the criminal activity is not determinative." *Id.*

Because the minor-role decision must be based on the totality of the circumstances, a district court commits "legal error in making a minor role decision based solely on one factor." *Presendieu*, 880 F.3d at 1249. In *Cruickshank*, for example, we held that the court legally erred in denying a minor-role reduction based solely on the large quantity of drugs being transported. 837 F.3d at 1194–95. We explained that while drug quantity was a permissible factor, the district court had improperly applied a categorical rule that "the quantity of cocaine being transported . . . was so large that no participant in the scheme could ever have been eligible for a minor-role reduction." *Id.* Finding legal error, we vacated the sentence and remanded to the district court to perform an inquiry based on the totality of the circumstances, as outlined in *De Varon* and § 3B1.2's commentary. *Id.* at 1195.

Here, the district court did not clearly err in denying Pico a minor role reduction. Contrary to Pico's claim, nothing in the record suggests that the court legally erred by applying a categorical rule of ineligibility, as in *Cruickshank*. While the court cited the large quantity of drugs being transported, drug quantity is a permissible factor to consider under the totality of the circumstances, and the court did not suggest that Pico was ineligible due solely to drug quantity. Nor did

6

the court state that its decision was based solely on the fact that Pico was a drug courier who was held accountable only for the amount of drugs he transported. *See* U.S.S.G. § 3B1.2, cmt. n.3(A) ("[A] defendant who is convicted of a drug trafficking offense, whose participation in that offense was limited to transporting or storing drugs and who is accountable under § 1B1.3 only for the quantity of drugs the defendant personally transported or stored may receive an adjustment under this guideline."). While the court did not explain its decision to deny the reduction in any great detail, we see nothing in the record that indicates the court committed "legal error in making a minor role decision based solely on one factor." *See Presendieu*, 880 F.3d at 1249.

Additionally, the record supports the district court's decision to deny a minor-role reduction despite Pico's eligibility for it. The record shows that Pico knowingly participated in the illegal transportation of a large quantity of cocaine, he assisted in jettisoning the cocaine to avoid capture, and he was held responsible only for that conduct. *See* U.S.S.G. § 3B1.2, cmt. n.3(C); *De Varon*, 175 F.3d at 941–43; *see also United States v. Monzo*, 852 F.3d 1343, 1347 (11th Cir. 2017) (considering, as part of the totality of the circumstances, the facts that the defendant "was responsible only for his direct role in the conspiracy, and that he was important to the scheme"). Nor was there any evidence before the court that distinguished the roles of the three occupants of the go-fast vessel. While Pico's

counsel asserted at sentencing that Pico's Guatemalan codefendant played a more substantial role in managing the cocaine transportation, no such evidence was introduced for the court to consider.  And "an attorney's factual assertions alone do not constitute evidence that a District Court can rely on" in sentencing a defendant. *United States v. Rodriguez*, 732 F.3d 1299, 1305 (11th Cir. 2013).  Thus, Pico failed to prove that he had a lesser role than either of the two other occupants of the go-fast vessel.  *See De Varon*, 175 F.3d at 940.

Pico's claim to a minor role in some larger criminal conspiracy is unavailing.  Under *De Varon*'s first principle, the inquiry is whether the defendant "played a relatively minor role in the conduct for which [he] has already been held accountable—not a minor role in any larger criminal conspiracy."  *Id.* at 944. Likewise, when comparing Pico's role to other participants under the second principle, the district court was not required to consider the culpability of any unknown or unidentified co-conspirators not involved in the relevant conduct.  *See id.* at 941, 944; *see United States v. Moran*, 778 F.3d 942, 980 (11th Cir. 2015). ("As to the second prong, the district court should look at other participants only to the extent that they (1) are identifiable or discernable from the evidence, and (2) were involved in the relevant conduct attributed to the defendant.").  Accordingly, the district court did not err by failing to consider facts beyond the relevant conduct for which Pico was held responsible.

8

Under the totality of the circumstances, we are not left with a definite and firm conviction that the district court made a mistake in finding that Pico did not have a minor role in the offense. The court did not misapply a rule of law, and its decision was supported by the record as a whole. *See Cruickshank*, 837 F.3d at 1192. Further, contrary to Pico's contention, the district court was not required to make specific subsidiary factual findings regarding Pico's role because there were no disputed issues of fact relevant to the role determination. *De Varon*, 175 F.3d at 939. Pico's request for a reduction was based primarily on the unsupported assertions of his counsel, which were insufficient to raise a disputed issue of fact. *See Rodriguez*, 732 F.3d at 1305.

For these reasons, the district court did not clearly err in denying Pico a minor-role reduction under U.S.S.G. § 3B1.2.

**AFFIRMED.**